**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **THOMAS JOSEPH MUELLER,** | § | |
| | § | |
| **Complainant** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. ______________** |
| | § | |
| **ULTRAFLO CORPORATION;** | § | |
| **BRAY INTERNATIONAL, INC** | § | |
| **Defendants** | § | |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

THOMAS JOSEPH MUELLER ("MUELLER") files this Original Complaint against Defendants Ultraflo Corporation, a Delaware Corporation doing business in the Eastern District of Texas, and against BRAY INTERNATIONAL, INC., also doing business in the Eastern District of Texas (hereinafter collectively "DEFENDANTS"), and states as follows:

## I. PARTIES

1. Complainant is THOMAS JOSEPH MUELLER (hereinafter collectively "PELICAN").

2. Ultraflo Corporation (hereinafter "ULTRAFLO"), is a Delaware corporation authorized to do business in the State of Texas. Service of process is proper on Ultraflo through service on its registered agent in Texas for service of process, namely Capitol Corporate Services, Inc., located at 800 Brazos, Suite 400, Austin, Texas, 78701.

3. Defendant BRAY INTERNATIONAL, INC. (hereinafter "BRAY") is a Texas corporation with place of business at 13333 Westland East Blvd., Houston, Texas 77041, and

with registered agent for service of process being proper on Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

## II. JURISDICTION & VENUE

4. Complainant brings this suit for a declaratory judgment under Federal Rule of Civil Procedure 57, 28 U.S.C. §§2201 and 2202 and under 28 U.S.C. §1338 because the suit arises under federal copyright law. A controversy currently exists between COMPLAINANT and DEFENDANTS respecting whether certain technical drawings are copyrightable, and regarding ownership as a "work for hire" of such drawings by MUELLER or DEFENDANTS.

5. Venue is proper in this district under 28 U.S.C. §1400(a) because DEFENDANTS reside or may be found in this district. Moreover, this Court has personal jurisdiction over DEFENDANTS based upon DEFENDANTS' business practices within this judicial district and venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c).

## III. FACTS

6. ULTRAFLO originally filed suit against COMPLAINANT, Mueller, and Pelican Tank Parts, Inc. (hereinafter "PELICAN") on November 12, 2007 in the 280th District Court of Harris County, Texas (Cause No. 2007-69243) alleging tortious interference, unfair competition, conversion, civil conspiracy, and misappropriation of trade secrets. The state plaintiffs (Ultraflo) filed suit because the state defendants (Mueller and Pelican) were perceived to be entering and competing in the marketing and selling of "butterfly valves" in the transportation industry. A copy of the Plaintiff's Original Petition is attached hereto as **Exhibit 1**. More specifically, in this state petition, the state plaintiff alleged that Mueller—who had once allegedly performed work for PELICAN—had stolen trade secrets and given them to PELICAN.

7. Despite that the subject valves are an industry standard, and a functionally interchangeable part, the state plaintiffs insisted that the state defendants were violating

unspecified intellectual property rights relating to these valves. Defendants steadfastly denied the existence of any "trade secrets" and filed the attached answer and counterclaim. **Exhibit 2**. The state defendants denied that the valves were protectable, or that the state plaintiff's lawsuit was anything other than a ploy to unlawfully restrain lawful competition.

8. For months—through discovery, correspondence, and finally a motion to compel, the state defendants demanded that plaintiff specifically identify what "trade secret" it alleged had been stolen. Finally, on April 11, 2008, in response to Defendants' discovery, and shortly before a hearing on a motion to compel, Plaintiff produced some documents—albeit redacted—that indicated exactly what Plaintiff considers its trade secrets. These papers (**Exhibit 3)** were surprising in that the "trade secrets" that the plaintiff claimed were all technical drawings—which had been originally compiled, organized, arranged and authored by Mueller outside the scope of his employment with Plaintiff.

9. On or about April 18, 2008, the Harris County District Court heard the parties' arguments relating to the Defendants' motion to compel. At that hearing, the Court stated:

> "Okay. I will not require plaintiffs to produce [sales figures] right now because I think there is some chance that it will turn out that you don't have a trade secret at all. So I will require you to prove or at least to **give them evidence from which it can be established that you do have a trade secret**." (*See* Excerpt of Hearing Transcript, p. 22:12-18, attached herewith as (**Exhibit 4)**, emphasis and brackets added).

What is more, at that hearing in response to Defendants' discovery request seeking, "all documents that identify, embody, or otherwise contain the trade secrets [Plaintiff] allege have been misappropriated," counsel for Plaintiff stated, "I think that's been taken care of because ***it is about the drawings*** and we're going to exchange those." (*See* **Exhibit 4**, p. 24:20-25, emphasis added). As the hearing proceeded, the state Defendants' counsel further noted to the Court that, "Judge, this is the first time this morning that I really understood that [Plaintiff is] claiming their

trade secrets were just their drawings." (*See* Exhibit A, p. 34:4-6, brackets added). Even after Plaintiff's attempt to finally clarify what it asserts to be its protectable trade secrets, the Court and Defendants still remained confused as to the breadth of its trade secret claims. That being the case, the following exchange took place:

> "THE COURT: Well, wait a minute. **Tell me again what you guys say is the trade secret.**
>
> MR. CRABTREE: **What we're saying is the trade secret is the drawing** and the reason is because there was effort, labor, testing, all sorts of things that went into making the drawings in our end." (*See* **Exhibit 4**, p. 34:15-21)(emphasis added).

10. Upon reviewing the documents, it became apparent that Plaintiff's alleged "trade secrets" embodied and/or were derived from drawings in which Mueller had authorship. In other words, it appears that Plaintiff has asserted that they own "trade secret" rights to technical drawings that were authored and which belong to Mueller under applicable copyright statues, namely, 17 U.S.C. § 101. To the extent that ULTRAFLO is claiming to have "trade secrets" to Mueller's copyrighted works, they have necessarily invoked federal law and a threshold determination of whether a "work for hire" ownership exists of the technical drawings regarded as "trade secrets."

11. In general, drawings, photographs, and other two-dimensional and three dimensional expressions that visually depict three-dimensional objects are copyrightable. *See generally* P. Goldstein, Copyright Sec.2.5.3.2 (1989). Section 101's definition of "pictorial, graphic, and sculptural works" includes "two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans." 17 U.S.C. § 101. The question of what is copyrightable subject matter requires federal interpretation.

12. Also, whether a technical drawing authored by Mueller is a "work for hire" is exclusive federal subject matter, and requires interpretation of federal law (17 U.S.C. § 101) that may only be properly addressed by a federal court. By producing these specific drawings and claiming ownership thereof, the state plaintiff, ULTRAFLO, has raised a federal issue that must be resolved by a federal authority. The interpretation of whether an item is a work for hire under 17 U.S.C. § 101 entails and requires federal court construction of federal case law which has interpreted this federal statute. Moreover, to the extent Plaintiff is using creations authored by Mueller or "substantially similar" derivatives thereof (and a "work for hire" does not exist), the Plaintiff is actually an infringer of Mueller's copyright interests to the technical drawings produced under 17 U.S.C. § 501, another federal subject that pre-empts all state law.

13. Mueller was shocked upon viewing the alleged "trade secret" drawings which embody Plaintiff's alleged trade secret, since they were in fact technical drawings Mueller himself had authored. Not only was Mueller an author of the newly produced drawings, but Mueller worked to compose such drawings, using his own resources, including his own home, his own computer, his own software, his own collected data, and did so on his own time. At no point did Mueller enter into a "work-for-hire" agreement or any other agreement relating to drawings made on his own time using his own resources. ULTRAFLO has not been able to produce any document to substantiate that Mueller's technical drawings were "work for hire" materials.

14. On or about May 9, 2008, within 30 days after receiving the copy of the redacted drawings that Plaintiff now maintains embody its "trade secret," state Defendants removed the case to federal court after it became clear that the controlling and essential issues related to the Copyright Act of the United States, Title 17 U.S.C., *et seq*. This includes interpretations of

federal copyright statutes and determinations of such issues as (1) authorship, (2) scope of protection afforded each work, (3) violations, if any, of rights afforded under the Copyright Act, (4) "work for hire" issues under federal statutes and (5) remedies, if any, available for violations of the Copyright Act.

15. Thereafter, on or about June 9, 2008, Plaintiff filed a motion to remand the case.

16. The state Plaintiff was successful in obtaining a remand, but the remand did not address the federal subject matter jurisdiction issues, but instead only was made based on the timeliness of removal. **Exhibit 5** (memorandum and order of remand). While the Court rendered an opinion that successfully removed the case from its docket, it did not resolve any of the federal issues about the Copyrights at issue, including defining the copyrightable subject matter, assessing the "work for hire" status of the technical drawings claimed as "trade secrets" under 17 U.S.C.§ 101, or the infringement issues under 17 U.S.C. § 501. Moreover, the Southern District of Texas Court, in granting a remand, indicated that unresolved matters of federal law would need to be addressed and pleas to the state jurisdiction would be available. *See Id.* at p.11, fn.4.

17. Copyrights, which last 70 years past the life of the author, are a continuing intellectual property right; thus, a continuing case or controversy exists between the named parties to this pleading. The state courts are preempted from considering these critical issues which are the exclusive province of federal law.

18. MUELLER asserts a copyright interest to technical drawings of **Exhibit 3** and a Certificate of Registration is attached hereto as **Exhibit 6** for the substance MUELLER regards as his copyrighted property.

19. On information and belief, ULTRAFLO and BRAY are alter egos of one another

so that ULTRAFLO's corporate veil should be pierced. On information and belief, BRAY controls ULTRAFLO so that any legal separation between the parties should be disregarded. On information and belief, BRAY is either directly, or through its alter ego ULTRAFLO, either making use of copyrighted materials belonging to MUELLER by reproducing, distributing, displaying, or making use of derivative works of copyrighted materials. It is noteworthy that both of these companies list the same Texas business addresses in the Secretary of State records, and the same registered agents. On information and belief, ULTRAFLO is 100% controlled by BRAY. Moreover, on information and belief, BRAY, by and through ULTRAFLO, brought improper suits in Texas State courts to unfairly and improperly discourage fair competition by PELICAN for sale of industry standard valves, under the guise of "trade secrets" which were actually copyrighted subject matter belonging to MUELLER. These lawsuits, which do not appear to have any basis in fact or law, have harmed MUELLER, who is merely trying to use his skills as an engineer to earn a living. BRAY's actions in this regard are a thinly veiled pretext to intimidate and restrain lawful competition, as well as abuse process at the expense of individuals like MUELLER.

20. COMPLAINANT now asserts the following causes of action:

## FIRST CLAIM FOR RELIEF
## DECLARATION OF COPYRIGHT OWNERSHIP

21. COMPLAINANT incorporates paragraphs 1-20 above as though fully set forth herein.

22. COMPLAINANT seeks a declaration from the Court that the technical drawings of Exhibits 3 and 6 embody copyrightable subject matter.

23. COMPLAINANT seeks a declaration from the Court that the technical drawings

of Exhibits 3 and 6 belong to MUELLER, who is the author of the drawings.

24. COMPLAINANT seeks a declaration from the Court that the technical drawings were not "works for hire" as that term is understood and interpreted under federal law, namely, 17 U.S.C.§ 101.

25. COMPLAINANT seeks a declaration from the Court that it is not possible for state plaintiffs to own trade secrets to copyrightable subject matter belonging to MUELLER.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

26. COMPLAINANT incorporates paragraphs 1-25 above as though fully set forth herein.

27. MUELLER, a U.S. citizen, created an original work(s) of authorship, namely technical drawings. These technical drawings were copyrightable subject matter under the laws of the United States. 17 U.S.C. § 101. MUELLER claims ownership of copyrightable subject matter in technical drawings embodied in Exhibits 3 and 6, and to all derivatives thereof which are substantially similar.

28. MUELLER complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights. Plaintiff received from the Register of Copyrights a certificate of registration, attached hereto as **Exhibit 6**. Since creation of the work, MUELLER has been the sole proprietor of all rights, title, and interest in and to the copyright on the technical drawings. 17 U.S.C. §§106, 501.

29. On information and belief, to the extent the Court declares ownership of MUELLER'S copyrights, DEFENDANTS must infringe MUELLERS copyright by copying, reproducing, distributing, displaying, publishing, making derivative works therefrom.

## VI. DEMAND FOR JURY

Complainant Demands a trial by jury on all issues so triable by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Complainant prays that the Court enter judgment in its favor and against Defendant, including:

1. A declaration that MUELLER is the author, owner of copyrightable subject matter embodied in technical drawings which were not "works for hire" under 17 U.S.C.§ 101;
2. A declaration that DEFENDANTS cease and desist, and be permanently enjoined from any further use of MUELLER's copyrighted technical drawings, such injunction stopping the copying, reproducing, displaying, or making use of derivative works thereof;
3. A declaration that it is not possible for DEFENDANTS to possess trade secrets that embody copyrighted subject matter owned by MUELLER;
4. Defendants pay COMPLAINANT for actual damages, plus the amount of defendant's profits attributable to the infringement(s), or in the alternative, defendant pay COMPLAINANT statutory damages, as authorized by 17 U.S.C. §504(c).
5. Attorney fees awarded to COMPLAINANT as the prevailing party and as authorized by statute;
6. Court costs;
7. pre and post-judgment interest at the highest rates allowed by law;
8. Awarding COMPLAINANT such other and further relief as the Court deems proper.

Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

_/JKB/_________________

John K. Buche
State Bar No. 24012352
Scott D. Compton
State Bar No. 24032088
875 Prospect, Suite 305
La Jolla, California 92037
Tel.: 858 812-2840
Fax: (858) 430-2426

Texas:
2990 Richmond Avenue, Suite 400
Houston, Texas 77098
Tel.: (713) 401-9451 (Compton)
Tel. (713) 589-2214
Fax (713) 583-9644
ATTORNEYS FOR PELICAN
PELICAN TANK PARTS, INC. and
THOMAS JOSEPH MUELLER